IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOHN DOE,[1] | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 7:21-cv-00645 |
| v. | ) ) ) | **ORDER** |
| VIRGINIA POLYTECHNIC INSTITUTE & STATE UNIVERSITY, *et al.* | ) ) ) ) | By:   Hon. Thomas T. Cullen United States District Judge |
| Defendants. | ) ) | |

Plaintiff John Doe[1] brings this suit against Defendants Virginia Polytechnic Institute and State University ("Virginia Tech") and Dr. Timothy Sands, in his official capacity as President of Virginia Tech, (collectively "Defendants"). Doe is an engineering student at Virginia Tech and, in December 2020, a professor in one of his courses (ME 2004) accused him and more than 60 other students in ME 2004 of cheating on assignments completed during that semester. Doe received notice of these allegations on February 21, 2021, denied them, and requested a hearing pursuant to Virginia Tech's Honor Code.

Doe's hearing was held on November 1, 2021, and two days later, the panel notified him that he had been found guilty on all allegations and would receive an academic misconduct finding on his record. As a result, Doe also received a "F" grade in the class. The class was a prerequisite for the engineering classes Doe intended to register for in Spring 2022. Because

---

[1] Plaintiff has a pending motion to proceed via pseudonym (ECF No. 2). The court will decide this motion once both parties have briefed the issue.

1

of this failing grade, Doe is unable to register for his intended Spring 2022 class (for which ME 2004 is a prerequisite), and he alleges his graduation will be delayed by an extra year as a result.

Doe brings two claims: (1) a claim against both Defendants under 42 U.S.C. § 1983 alleging that his disciplinary hearing violated his right to Due Process under the Fourteenth Amendment and (2) a claim against Virginia Tech under Virginia state law for breach of contract. This matter is before the court on Doe's motion for temporary restraining order ("TRO") (ECF No. 3). Doe asks the court to order Defendants to lift his "F" grade from this prerequisite course and remove the academic misconduct finding from his record to permit him to register for his Spring 2022 classes. For the reasons that follow, the court will deny Doe's motion for TRO.

Under Federal Rule of Civil Procedure 65(b), the court may issue a temporary restraining order without notice to the opposing party "*only if* (A) specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." In the present case, Doe has not presented a verified complaint or affidavit, and his attorney has not demonstrated any attempts to give notice to the Defendants or offered another explanation as to why an *ex parte* order is proper. Accordingly, insofar as Doe is seeking a temporary restraining order, Doe's motion for TRO (ECF No. 3) is **DENIED**.

If Doe wishes to pursue a preliminary injunction, he must first serve the Defendants. *See* Fed. R. Civ. P. 65(a)(1). Once the Defendants receive notice, the court will schedule a

hearing as soon as practicable.

The clerk is directed to forward a copy of this Order to all counsel of record.

**ENTERED** this 30th day of December, 2021.

/s/ Thomas T. Cullen
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE